# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE GONZALEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>PGE,<br><br>        Defendant. | Case No. 1:14-cv-01736-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE COMPLAINT FOR LACK OF JURISDICTION<br><br>(Docs. 1 and 3) |

On November 7, 2014, Plaintiff Lupe Gonzalez, proceeding *pro se* and *in forma pauperis,* filed a complaint alleging that Defendant PG&E[1] violated her Fifth and Fourteenth Amendment due process rights by failing to provide her with an acceptable payment plan for past-due amounts that she owes to Defendant. Plaintiff seeks damages and, by separate motion (Doc. 3), a temporary injunction to prevent PG&E from turning off her utilities pending resolution of this case. Because this Court lacks jurisdiction over Plaintiff's dispute, the undersigned recommends that the Court dismiss this case.

## I. Screening Requirement

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299

---

[1] Although the complaint refers to Pacific Gas and Electric Company as PGE, the documentation appended to it abbreviates the company's name as PG&E. The Court will use the established abbreviation.

1

U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

In screening a complaint, the Court does not rule on the merits of the proposed action. Instead, it evaluates whether the complaint sets forth facts sufficient to render each claim cognizable. The screening process does not substitute for any subsequent Rule 12(b)(6) motion that a defendant may elect to bring later.  *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1120 (S.D.Cal. 2007).

## II. Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

2

*Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

**III.     Procedural and Factual Allegations**

Plaintiff complains that Defendant intends to terminate her service for nonpayment.[2] Plaintiff attached to the complaint a June 27, 2008 PGE bill for $1516.63, $1427.89 of which was for past due amounts, but does not document the total amount that is now outstanding. Plaintiff also objects to PGE's request that she provide a copy of her rental agreement as a condition of its continued provision of service to her apartment. Plaintiff alleges that PGE has unlawfully discriminated against her based on her age, appearance, and income, but sets forth no facts in support of these conclusory allegations.

**IV.     No Diversity Jurisdiction**

A district court may exercise diversity jurisdiction over a civil action in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is, among other things, between

---

[2] The handwritten complaint in this case is partially illegible and appears to assume the Court's knowledge of facts that are neither alleged nor known to the Court.

citizens of different states.  28 U.S.C. § 1332(a).  Since Plaintiff and PGE are both California citizens, the Court does not have jurisdiction over this case based on diversity.

## V. <u>No Federal Question Jurisdiction</u>

Federal question jurisdiction exists when the plaintiff's claim arises under the U.S. Constitution, treaties, federal statutes, administrative regulations of common law.  28 U.S.C. § 1331.  Plaintiff attempts to establish federal question jurisdiction by alleging that, by denying her request for continued utility service despite her failure to pay the existing amounts that she owes to Defendant, Defendant has violated her due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

The due process clause of the Fifth Amendment states that no person shall be deprived of life, liberty, or property without due process of law.  The Fourteenth Amendment extends these provisions to the states.  Neither the federal government nor the State of California is depriving Plaintiff of life, liberty, or property.  Instead, the underlying dispute is a matter of California law regulating public utilities and the terms of Plaintiff and Defendant's contract.

The June 27, 2008 notice of Plaintiff's past-due balance warned "If a payment arrangement is made but not kept, your service may be shut off without further notice." Doc. 1 at 3.  The notice added, "If your utility service is terminated, a re-connection charge may be required.  A re-establishment deposit or an increase to an existing deposit may also be requested for an amount up to twice the maximum monthly bill as determined by PG&E." *Id.*

The notice further advised consumers unable to pay their utility bills of the possibility of reasonable payment arrangements.  Doc. 1 at 4.  If PG&E does not offer a consumer who claims an inability to pay his or her bill a reasonable payment arrangement, the customer's recourse is to contact the California Public Utility Commission (CPUC).  Doc. 1 at 4.  The complaint does not allege that Plaintiff has ever contacted CPUC regarding her inability to pay or Defendant's refusal to provide her with a reasonable payment plan.

4

## VI. Negligence

"Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close correlation between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (*quoting McGarry v. Sax*, 158 Cal.App.4th 983, 994 (2008)).  In alleging negligence, the complaint states that one of Defendant's employees was "negligent, unconsidered, incompetent, unreasonable, unprofessional with demagoguery demeaning statement of what my responsibility were rather than what was for an employ[ee] of PGE you[r] obligation to me is to act ethically and legally so the remedy is rescission and restitution & specific performance [*illegible*] and close account sent to collection."  These allegations do not set forth the elements of negligence.  Indeed, rescission, restitution, and specific performance are remedies for violations of contract law.

In any event, this Court has no jurisdiction over a state tort claim.  Although 28 U.S.C. § 1367(a) provides for supplemental jurisdiction in any civil action in which the district court has original jurisdiction, the district court must first have such original jurisdiction.  Since the Court lacks either diversity of federal question jurisdiction, it also lacks jurisdiction over pendant state claims such as Plaintiff's allegation of negligence.

## VII. Slander

Slander is "a false and unprivileged publication, orally uttered."  Cal.Civ.Code § 46.  To state a claim for slander under California law, a plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage."  *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999).  Publication requires "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made."  *Arikat v. JP Morgan Chase & Co.*, 430

5

F.Supp.2d 1013, 1020 (N.D.Cal. 2006).  Since language to which Plaintiff objects was uttered directly to Plaintiff, not to a third party, the claim for slander fails for lack of the element of publication.  Further, as was the case with the claim of negligence, this Court has no jurisdiction over a state tort claim of slander.

**VIII.    Injunctive Relief**

Because this Court lacks jurisdiction over the underlying case, it also lacks jurisdiction to issue a temporary restraining order.

**IX.    Conclusion and Recommendation**

The Court lacks subject matter jurisdiction over Plaintiff's dispute with Defendant. Accordingly, the undersigned recommends that the Court dismiss this case for lack of jurisdiction.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **November 17, 2014**            **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE